Harold J. Ruvoldt, Esq. (HR6556)
Fleming Ruvoldt, PLLC
1700 Broadway, 28th Floor
New York, New York  10019
(212) 706-1850
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANDONG OLD NORTH-EAST AGRICULTURE & ANIMAL HUSBANDRY CO., LTD., formerly known as DANDONG PASITE,<br><br>Plaintiff,<br><br>-against-<br><br>PASTERNAK, BAUM & CO., INC., COLUMBIA GRAIN TRADING INC., and WILLIAM C. GALLO,<br><br>Defendants. | No. 17-cv-4571<br><br>Related to No. 1:15-cv-10015-KPF |

## COMPLAINT

AND NOW, comes DANDONG OLD NORTH-EAST AGRICULTURE & ANIMAL HUSBANDRY CO., LTD., formerly known as Dandong Pasite ("Dandong"), by and through its undersigned counsel, and as and for its Complaint alleges as follows:

### INTRODUCTION

1. This action seeks to enforce the terms of a Settlement Agreement made and entered into as of February 10, 2017, by and between Dandong, on the one hand, and Pasternak, Baum & Co., Inc. ("Pasternak"), Columbia Grain Trading Inc. ("CGTI" and together with Pasternak the "corporate defendants"), and William C. Gallo ("Gallo" and together with the corporate Defendants the "Settling Defendants") on the other (the "Settlement Agreement").

2.      More specifically, Dandong seeks to enforce the provisions of the Settlement Agreement that set forth the procedure by which the amounts owed by the corporate defendants to Dandong would be determined and promptly paid. As described below, the corporate defendants have refused to complete the contractually-agreed upon payment-determination process, causing immediate and irreparable injury to Dandong.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

4.      The Court has personal jurisdiction over the corporate defendants because they both are incorporated and have a place of business in New York.

5.      Dandong is a company registered in China with a place of business in Dandong City, Liaoning Province, China.

6.      Pasternak is a New York corporation with a place of business located at 500 Mamaroneck Avenue, Harrison, New York 10528.

7.      CGTI is a New York corporation with a place of business located at 500 Mamaroneck Avenue, Harrison, New York 10528.

8.      The Court has personal jurisdiction over Gallo, an individual who resides in Jericho, New York and who works at CGTI in Harrison, New York.

9.      The amount in controversy exceeds $75,000.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

11.     Moreover, the Settling Defendants have consented to the exclusive jurisdiction of and laying of venue in this Court. Paragraph 17 of the Settlement Agreement states:

> <u>Choice of Law and Forum.</u>  This Agreement shall be governed by the laws of New York State without regard to the principles of conflicts of laws. Exclusive jurisdiction for enforcement of this Agreement will remain with the Court for six (6) months from the date of this Agreement, after which time, all disputes arising out of, relating to, or in connection with this Agreement shall be brought

exclusively in the state or federal courts located in the State and County of New York, to the exclusion of all other courts and/or jurisdictions, and the Parties hereby agree to consent to personal jurisdiction as to any such action in said courts. Any prior agreements to arbitrate or proceed in any other forum are hereby revoked and superseded and of no further force and effect.

12. Dandong has filed this Complaint within six (6) months of the date of the Settlement Agreement.

## FACTUAL BACKGROUND

The Related Action

13. In December 2015, Dandong filed a Civil Complaint against the Settling Defendants and others in the United States District Court for the Southern District of New York at Civ. A. No. 1:15-cv-10015-KPF, captioned *Dandong Old North-East Agriculture & Animal Husbandry Co., Ltd. v. Hu et al.* (the "Related Action").

14. In the Related Action, Dandong charged the Settling Defendants with, among other things, violation of the Civil RICO statute, conspiracy to violate same, fraud, aiding and abetting breach of fiduciary duty, conversion, unjust enrichment, civil conspiracy, and breach of the implied covenant of good faith and fair dealing. See, e.g., Settlement Agreement, Recitals.

15. Dandong's claims against the Settling Defendants in the Related Action concerned the purchase and sale of soybeans under certain contracts (the "Soybean Contracts"), payments made pursuant to the Soybean Contracts, and the business relationship between Dandong and the Settling Defendants concerning the Soybean Contracts. See, e.g., Settlement Agreement, Recitals.

The Settlement Agreement

16. As detailed further below, in exchange for the consideration set forth in the Settlement Agreement, including the dismissal and release of claims against the Settling Defendants, the Settling Defendants expressly agreed to a process pursuant to which Dandong's and the corporate defendants' accountants would meet and determine the amount of monies owed

3

to Dandong. To the extent the accountants were not able to agree on the amount owed, the Settling Defendants agreed that an independent third-party accountant will make the final determination, which will be binding on the Settling Defendants. See Settlement Agreement ¶¶ 4, 7.[1]

17. The Settlement Agreement sets forth strict deadlines for the completion of this process and for the payment of monies owed. See Settlement Agreement ¶ 7.

18. The Settling Defendants expressly agreed that a breach of these obligations (including any delay in complying with these obligations) would cause irreparable harm to Dandong and that, in addition to and not in limitation of any other right or remedies available in law or in equity, Dandong is entitled to equitable remedies, including injunctive relief and specific performance. See Settlement Agreement ¶ 12.

19. Specifically, Paragraph 7 of the Settlement Agreement states:

> Meeting of Designated Accountants. On March 15, 2017 or at such other time as may be mutually agreed to by the Parties, the designated accountant(s) of Pasternak and CGTI shall meet with the designated accountant(s) of Dandong via videoconference, or at such location as may be mutually agreed to by all the Parties. The purpose of this meeting shall be to review and determine if any monies are owed to or from any of the corporate Parties hereto (i.e., CGTI, Pasternak, and/or Dandong) related to their business relationship concerning the Soybean Contracts, taking into account any and all payments made to date between the Parties.
>
> > a. The above-described meeting(s) between the designated accountants shall take place at a mutually agreeable time starting no later than two (2) months following the execution by the Parties of this Agreement, unless such period is extended by mutual agreement of all the Parties in writing.
> >
> > b. The designated accountants shall complete the review and determine if any monies are owed to or from any of the corporate Parties within two

---

[1] Paragraph 10 of the Settlement Agreement provides, in pertinent part, that the "terms and conditions of this Agreement shall be maintained confidential between the Parties and shall not be disclosed to any third party, except as shall be necessary to effectuate its terms and/or as in accordance with applicable law, regulation or court order" (emphasis added). The Settling Defendants, by their words and actions, have made this Complaint necessary to effectuate the terms of the Settlement Agreement and, as such, the non-disclosure provisions of Paragraph 10 do not preclude the filing of this Complaint or the disclosure of the Settlement Agreement's terms herein.

    (2) months of the commencement of such meetings, unless such period is extended by mutual agreement of all the Parties in writing.

  c. Each Party agrees to act in good faith to expeditiously conclude the above-described review and determine if any monies are owed to or from any of the corporate Parties.

  d. In the event that the designated accountants are not able to reach an agreement as to what monies, if any, are owed to or from the corporate Parties, pursuant to Paragraph 7(b), then the Parties shall jointly select an independent, third-party accountant to review the relevant records. The determination of such third-party accountant shall be final, and all costs associated therewith shall be borne equally between Dandong on the one hand and the Settling Defendants on the other. The determination of the designated accountants or third-party accountant shall be final and not reviewable in any forum.

  e. Should the designated accountants or the third-party accountant determine that money is owed from one corporate Party to the other, then such monies shall be paid in full within ninety (90) days of the issuance of a written determination from the designated accountants or third-party accountant, as applicable.

  f. If any Party should breach this paragraph 7, then the aggrieved Party's exclusive remedy shall be to bring an action in accordance with the terms of paragraph 17 of this Agreement. In such event, all other terms and conditions of this Agreement shall remain in full force and effect.

  20. Thus, by entering into and accepting the terms of the Settlement Agreement, the Settling Defendants agreed that the amount of monies they owe to Dandong in connection with the Soybean Contracts and their business relationship with respect thereto (whether or not claimed as damages in the Related Action) would be decided not by this Court and not by the Parties' respective legal counsel, but by either the designated accountant(s) of Pasternak, CGTI and Dandong, see Settlement Agreement ¶ 7, or by an independent, third-party accountant jointly selected by the Parties, id. 7(d). In either instance, the determination of the designated accountants or third-party accountant shall be final and not reviewable in any forum. See id.

5

21. As set forth above, Paragraph 17 of the Settlement Agreement provides for the jurisdiction of this Court over the Settling Defendants' breach of these express contractual obligations. See ¶ 11, supra, and Settlement Agreement ¶ 17.

22. Further, Paragraph 12 of the Settlement Agreement states:

> Irreparable Harm. The Parties acknowledge that a breach by a Party of one or more of their obligations under paragraph 2 or 4-11, would cause the aggrieved Party to suffer irreparable harm, namely harm for which monetary damages would be an inadequate remedy. The Parties further acknowledge that the aggrieved Party would suffer irreparable harm due to delay if, as a condition to obtaining an injunction, restraining order, specific performance, or other equitable remedy with respect to such a breach, the aggrieved Party were required to demonstrate that it would suffer irreparable harm. The Parties therefore agree that if a Party breaches one or more of its obligations under paragraphs 2 or 4-11, the aggrieved Party will be entitled to any applicable and appropriate equitable remedies, including injunctive relief or specific performance, in addition to and not in limitation of any other right or remedies available to such aggrieved Party at law or in equity, and the breaching Party hereby waives any and all rights to object to the issuance of such equitable relief.

23. As set forth below, Defendants have breached Paragraph 7 of the Settlement Agreement causing irreparable harm to Dandong.

The Settling Defendants' Breach of Paragraph 7 of the Settlement Agreement

24. By agreement, the meetings between the designated accountants commenced on Monday, May 8, 2017.

25. At that time, Dandong's designated accountant presented Dandong's calculations of the amount of monies owed and explained the basis of those calculations. Dandong's designated accountant supported her calculations by, among other things, specific references to contracts, amounts of payments made, and data provided by CGTI.

26. Dandong expended substantial time, effort and resources to prepare for and to give the May 8, 2017 presentation and to participate in the May 8, 2017 meeting.

27. According to the calculations of Dandong's designated accountant, Pasternak and CGTI owe Dandong $102,967,162.18 (USD).

28. After returning from China, where Dandong's representatives had participated in the meeting, and only four (4) days after Dandong made its presentation, Dandong's counsel provided the Settling Defendants with a hard copy of the May 8 presentation along with back-up materials.

29. Pasternak's and CGTI's designated accountant has not meaningfully responded to Dandong's presentation.

30. On May 12, 2017, concurrent with providing the Settling Defendants with a hard copy of the May 8 presentation and the back-up materials, Dandong proposed that the Parties schedule the next meeting of the designated accountants for June 1, 2017, at 10:00 a.m. EDT. To the extent that the Settling Defendants were not available on that date, Dandong asked that they provide alternative dates and times. Dandong further asked that at the next meeting the corporate defendants provide a detailed response to Dandong's May 8 presentation and back-up materials so that a productive discussion of the Parties' respective positions and negotiation of the amounts owed could take place at that time. Finally, because the corporate defendants had indicated following Dandong's presentation that they believed it was unlikely that the Parties would be able to reach an agreement as to the monies owed to Dandong, Dandong asked that the corporate defendants come to the next meeting of the Parties' designated accountants prepared to discuss the selection of an independent, third-party accountant to make the final determination.

31. When Dandong had not received a response from the Settling Defendants by the close of the following week, on May 19, 2017, Dandong's counsel again reached out to the Settling

Defendants seeking to schedule the next meeting of the designated accountants. The Settling Defendants did not respond to that overture.

32. Finally, on Friday, May 27, 2017, the Settling Defendants' counsel sent a letter to Dandong's counsel in which he wrote, in pertinent part: "[W]ith respect to your proposal in the May 12 Letter that 'the Parties schedule the next meeting of the designated accountants' and that 'a productive discussion of the parties' respective positions and negotiation of the amounts owed … take place at that time[,]' … the CGTI Defendants decline to participate in a further meeting of designated accountants. Please be guided accordingly." The Settling Defendants reaffirmed their refusal to participate in the designated accountants' meeting process by letter dated June 15, 2017.

33. Dandong has never received either affirmative calculations or a response to Dandong's calculations from Pasternak's and CGTI's designated accountant.

34. Not only have the corporate defendants flatly refused to engage in the designated accountants' review process expressly required by the plain terms of the Settlement Agreement, but they also have failed to engage in the contractually-mandated selection of an independent, third party accountant to make the final determination of the amount of monies owed.

35. By refusing to engage in these processes, Defendants have unilaterally eliminated a material aspect of the consideration exchanged for Dandong's dismissal and release of claims against the Settling Defendants – namely, an out-of-court, accountant-driven method to expeditiously and finally determine the amount of monies owed to Dandong.

## CLAIMS

36. Dandong brings this action to enforce its rights, and the Settling Defendants' obligations, under the Settlement Agreement.

37. The Settlement Agreement is a valid and legally binding contract.

8

38. Plaintiff has fully complied with and performed all of its obligations under the Settlement Agreement.

39. Defendants have breached Paragraph 7 of the Settlement Agreement by, <u>inter alia</u>: (i) refusing to continue to participate in the designated accountants meetings; (ii) failing to review and determine the monies owed to Dandong; (iii) failing to act in good faith and to conclude expeditiously the designated accountants' review and to determine the monies owed to Dandong; and (iv) failing to select an independent third-party accountant to make the final determination of the amount of monies owed, provided that the designated accountants cannot reach an accord.

40. Based on Defendants' actions and representations to date, Plaintiff anticipates that Defendants will continue to breach the Settlement Agreement in these and potentially other ways.

41. Defendants have no justification or excuse for their actions.

42. Per the terms of Paragraph 7(b) of the Settlement Agreement, the meetings of the designated accountants must conclude by July 8, 2017, unless mutually extended.

43. Plaintiff has been irreparably harmed by Defendants' breaches. Among other things, Defendants' actions have robbed Plaintiff of its contractual remedies through which the Parties agreed to a quick, more efficient, and business-oriented resolution of the monies owed to Dandong.

44. Plaintiff has suffered monetary damages as a result of Defendants' breach including, but not limited to: (i) the time and expenses Plaintiff incurred to prepare for and to give the May 8, 2017 presentation; (ii) the costs (including travel, translation and legal expenses) incurred to participate in the May 8, 2017 meeting; and (iii) the costs, fees and expenses Plaintiff has incurred when attempting to obtain Defendants' compliance and that Plaintiff continues to incur in connection with the same.

45. Defendants have been unjustly enriched by its actions.

46. Defendants' unjust enrichment will continue to grow until such time as they comply fully with the terms and conditions of the Settlement Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DANDONG OLD NORTH-EAST AGRICULTURE & ANIMAL HUSBANDRY CO., LTD., formerly known as Dandong Pasite, prays for entry of the following relief:

A. An order of specific performance directing Defendants to comply immediately with all terms of the Settlement Agreement including, without limitation: (i) resuming the meetings of the designated accountants, (ii) participating in the meetings in good faith, (iii) concluding those meetings on or before July 8, 2017, unless Dandong agrees to extend that date, and (iv) selecting a third-party accountant in the event that the designated accountants cannot reach an accord.

B. An order of specific performance and/or an injunction commanding Defendants to comply with and/or enjoining Defendants from violating the term of the Settlement Agreement making the determination of the designated accountants or the third-party accountant final and non-reviewable in any court.

C. An order of specific performance and/or an injunction commanding Defendants to comply with and/or enjoining Defendants from violating the term of the Settlement Agreement obligating them to pay in full within ninety (90) days of the issuance of a written determination from the designated accountants or third-party accountant all monies owed to Plaintiff.

D. An order extending this Court's exclusive jurisdiction over Defendants' compliance with the terms and conditions of the Settlement Agreement until such time as Defendants have performed fully each and every obligation thereunder.

E. A monetary judgment to compensate Plaintiff for its damages and losses.

F. An order of judgment disgorging and/or remedying all forms of enrichment Defendants have unfairly or unjustly gained as a result of their conduct.

G. Such other and further relief as is proper and just.

Dated: June 16, 2017
New York, New York

FLEMING RUVOLDT PLLC

By: _____
Harold J. Ruvoldt, Esq. (HR6556)
1700 Broadway, 28th Floor
New York, New York  10019
Tel: 201.518.7878
Fax: 212.706.1855
Email: hruvoldt@flemingruvoldt.com

*Attorneys for Plaintiff*